UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| YVONNE NELSON, DESMOND NELSON and DARIUS NELSON, ) ) ) | Civil Action No.: 4:10-cv-3020-RBH-TER |
| Plaintiffs, ) ) | |
| -vs- ) ) ) | **REPORT AND RECOMMENDATION** |
| SAM'S CLUB, ) ) ) | |
| Defendant. ) ) | |

**I.     INTRODUCTION**

Plaintiffs, who are proceeding pro se, originally filed this action in the Court of Common Pleas, Horry County, South Carolina. It is unclear precisely what claims Plaintiffs raise, but the opening paragraph of the Complaint states "I, the plaintiff, do allege that the above said defendant have caused mental anguish due to personal injury, disability discrimination and neglect." Complaint p. 1. Defendant removed the action to this Court pursuant to both 28 U.S.C. §§ 1331 and 1332 on November 22, 2010. Presently before the Court is Defendant's Motion to Dismiss (Document # 7). Because Plaintiffs are proceeding pro se, they were advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the Motion to Dismiss could result in dismissal of their Complaint. Plaintiffs filed a Response on January 3, 2011.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because the present motion is dispositive, this Report and Recommendation is entered for review by the district judge.

**II.     FACTUAL ALLEGATIONS**

In the Complaint, Plaintiffs[1] allege,

> I, the plaintiff, do allege that the above said Defendant have caused mental anguish due to personal injury, disability discrimination and neglect. I, the plaintiff, have probable cause to believe that the defendant has aided in the help of governmental organizations, and other employers during and after employment with the defendant, to the confuse [sic] the information that the state has to offer, and to confuse the information of job training.
>
> I, the plaintiff, developed mental anguish during and after employment with the defendant, through no fault of my own. As a result, I, the plaintiff, have suffered financially, physically, and mentally.
>
> According to the South Carolina Code of Law's [sic] Title 42-Worker's Compensation, Title 15-Civil Remedies and Procedure, and Title 41-Labor and Employment Law, the defendant broke laws the prevented I, the plaintiff, the right to work, as a person with one or more disability.
>
> Therefore, I, the plaintiff, do hereby ask that the court order the following restitution:
> 1. That the court order safety protection to the plaintiff for the duration of court and thereafter from the defendant.
> 2. That those who are found guilty be prosecuted to the fullest extent of the law.
> 3. That the defendant be investigated and all documents, including medical documentation from physicians and counselors seen at the time that the alleged allegation existed, up until this day, be subpoena for evidence in court along with other related court cases as well as all employees working at the time.
> 4. That the plaintiff be awarded three times the compensation of the maximum amount, for each year that the alleged allegation existed, up until this day, from the defendant.
> 5. That the plaintiff be awarded three times the maximum amount for the loss of income including overtime and bonuses that the plaintiff would still be receiving had it not been for mental anguish that was acquired during the course of employment through no fault of the plaintiff's own.
> 6. That all family members effected by the alleged allegations during and after the time of employment with the defendant, be awarded the maximum amount for each year that the alleged allegations existed,

---

[1]Although three Plaintiffs are listed in the caption of the Complaint, only one Plaintiff is mentioned throughout the body of the Complaint.

>      up until this day.
> 7.   That the plaintiff be compensated three times the maximum amount for every year that the alleged allegations existed, up until this day, due to stress and mental anguish, that signing up for government assistance caused, in which this could have been avoided, had the plaintiff still been employed by the defendant.
> 8.   That the plaintiff be compensated, three times the maximum amount for every year that the alleged allegation existed, up until this day, between family members, including children, during and after the time of employment with the defendant.
> 9.   That the restitution stated, be granted for life of the duration of the plaintiff disability.

Complaint, pp. 1-3.

### III.   STANDARD OF REVIEW

Defendant seeks to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6), Fed.R.Civ.P.  When a Rule 12(b)(1) motion is raised as to the factual basis for subject matter jurisdiction, the plaintiff bears the burden of proving jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. U.S., 945 F.2d 765, 766 (4th Cir.1991). When evaluating a challenge to jurisdiction under Rule 12(b)(1) the court can go beyond the face of the complaint and consider evidence without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982); see also Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768.

A Rule 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted.  The United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions.

Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

## IV.     DISCUSSION

This Court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such pro se complaints are held to a less stringent standard than those drafted by attorneys, Id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v.. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U .S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990); see also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which

the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir.1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir.1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985). "The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." Leneau v. Aplin, C.A. No. 4:09-932-CMC-TER, 2009 WL 1749430, at *2 (D.S.C. Jun.22, 2009) (citing Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir.1990)).

As stated above, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.' " Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Even though a pro se complaint is entitled to liberal construction, "a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct." Atherton v. D.C. Office of the Mayor, 567 F.3d 672, 681-682 (D.C.Cir.2009) (quotation omitted).

Plaintiffs fail to allege any recognizable factual assertions. Plaintiffs allege that "I, the plaintiff, have probable cause to believe that the defendant has aided in the help of governmental organizations, and other employers during and after employment with the defendant, to the confuse [sic] the information that the state has to offer, and to confuse the information of job training." Besides this incoherent allegation, the remainder of the Complaint alleges that one of the Plaintiffs has been injured because Defendant "broke laws" and then sets forth the types of "restitution" to which Plaintiffs are entitled as a result of Defendant's actions. This unadorned, the defendant-unlawfully-harmed-me accusation is insufficient to state a claim upon which relief may be granted. To move forward in this case, both Defendant and the court would have to speculate as to the factual basis for this action.

Furthermore, in addition to failing to set forth sufficient factual allegations, Plaintiffs also fail to sufficiently allege her causes of action. Plaintiffs' Complaint appears to assert three vague causes of action: personal injury, disability discrimination, and neglect. The court is unaware of any statutory or common law, state or federal, cause of action for personal injury. A cause of action for negligence is available under state common law, but Plaintiffs have failed to set forth the elements for such a claim. See Thomasko v. Poole, 349 S.C. 7, 11, 561 S.E.2d 597, 599 (2002)(noting that a plaintiff raising a negligence claim must allege (1) the defendants owed her a duty of care; (2) the defendants breached that duty by a negligent act or omission; and (3) she suffered damage as a proximate result of that breach). In addition, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq. provides a cause of action under federal law for disability discrimination. However, Plaintiffs have also failed to provide sufficient factual allegations to state a claim under this statute. See Haulbrook v. Michelin N. America, 252 F.3d 696, 702 (4th Cir.2001) ("In an ADA wrongful discharge case, a plaintiff establishes a prima facie case if he demonstrates that (1) he is within the

ADA's protected class; (2) he was discharged; (3) at the time of his discharge, he was performing the job at a level that met his employer's legitimate expectations; and (4) his discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination."). Further, before filing suit under the ADA, a plaintiff must first exhaust her administrative remedies by bringing a timely charge of discrimination with the EEOC. See 42 U.S.C. § 12117(a); Davis v. Virginia Commonwealth Univ., 180 F.3d 626, 628 n. 3 (4th Cir.1999). Plaintiffs have failed to allege that any charge of discrimination has been filed with the EEOC nor does she indicate as much in her Response to the present motion. Finally, although Plaintiffs mention "South Carolina Code of Law's [sic] Title 42-Worker's Compensation, Title 15-Civil Remedies and Procedure, and Title 41-Labor and Employment Law" in their Complaint, they still fail to provide sufficient allegations to state a claim under any of these Titles.

In sum, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949. Plaintiffs have failed to "nudge" their claims "across the line from conceivable to plausible," id. at 1952 (quoting Twombly, 550 U.S. at 570), and, thus, dismissal is appropriate.

## V.   CONCLUSION

For the reasons discussed above, it is recommended that Defendant's Motion to Dismiss (Document # 7) be granted and this case be dismissed in its entirety. If the district judge accepts this Report and Recommendation, all other pending motions will be moot.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 14, 2011
Florence, South Carolina

**The parties are directed to the important notice on the following page.**