UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Yvonne Nelson, Desmond Nelson, and Darius Nelson, <br><br> Plaintiffs, <br><br> vs. <br><br> Sam's Club, <br> Defendant | C.A. No.: 4:10-3020-RBH <br><br> **ORDER** |

On April 14, 2011, Magistrate Judge Thomas E. Rogers, III, entered a Report and Recommendation recommending that the Motion to Dismiss by Defendant be granted and that the case be dismissed. Objections to the Report were due on May 2, 2011. On April 19, 2011, the plaintiff filed a letter with the Court setting forth alleged financial difficulties and requesting an "extended date of which I can send in these responses or send them in when my finance permits." (Docket Entry # 26). Based on this request, this Court extended the deadline for the filing of objections until May 16, 2011. On May 16, 2011, the plaintiff filed a second request for extension of time. On May 18, 2011, this Court filed an Order denying the plaintiff's second request for an extension of time, stating, "[i]n spite of her assertion that she cannot file objections for financial reasons, she has filed two extension requests with the Court." (Docket Entry # 32, p. 2). This Court further stated that the plaintiff asserted she had new evidence but that she "does not indicate the nature of such new evidence." *Id*. This Court accordingly adopted the Magistrate Judge's Report and Recommendation, no objections having been filed. On May 18, 2011, judgment was entered and mailed to the petitioner. On May 24, 2011, Plaintiff filed Docket Entry Number 37, "Notice of Motion to File an Objection for Report and Recommendations". On the same date, she also filed Docket Entry # 38, "Motion to Vacate Court's Order of Dismissal of Claim Against Defendant Pursuant to Federal Rule 60(b)." In these motions, the

plaintiff requests that the case be reopened on the basis that she is suffering from anxiety and depression and continued financial difficulties. Defendants filed a Response in Opposition to the Motion on May 31, 2011, asserting that the motions should be denied on the basis that the plaintiff has met no grounds for relief under Fed. R. Civ. P. 60(b). Plaintiff subsequently filed Docket Entry # 40, "Motion for Financial and Undue Hardship, Mental and Emotional Stress (sic) with Discriminating Intent of Federal Assistance Against a Disabled Pro Se Filing Informatie (sic) Promperus (sic), to be Ruled as an Excusable Neglect Because of an Untimely Response; As Well as Being Ruled under any other Reason to Justify Relief in Vacating Court's Order of Dismissal due to the Denial of Extension for Response to File an Objection for Report and Recommendations (Pursuant to Federal Rule and Civil Procedure 60(b)(1)(6)." Finally, on June 17, 2011, the plaintiff filed Docket Entry # 42, "Motion for Notification of for (sic) all Evidence to be added to the above caes and to waive my Rights for a Court Trial."

Plaintiff alleges Fed. R. Civ. P. 60(b) but, because she is *pro se*, the Court has analyzed her request under both Rule 59(e) and Rule 60(b).

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error of law* or prevent manifest injustice." *Collison v. International Chemical Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994) (emphasis added). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002).

4:10-cv-03020-RBH     Date Filed 06/28/11    Entry Number 44     Page 3 of 4

Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

Plaintiff has not made any showing under the above standard. Therefore, the motion is denied if made pursuant to Rule 59(e).

Under Rule 60(b), the court may relieve a party from a judgment for the following reasons: "(1) mistake, inadvertence, surprise or excusable neglect"; "(2) newly discovered evidence . . ."; (3) fraud or misconduct of the opposing party; (4) the judgment is void; (5) the judgment has been satisfied. . . or "(6) any other reason justifying relief from the operation of the judgment." The remedy of reopening a case under Rule 60(b) is "only to be invoked upon a showing of extraordinary circumstances." *Compton v. Alton S.S.Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979). The plaintiff has not shown any of the above grounds. She has in effect requested an indefinite extension of time due to alleged financial circumstances. However, she has managed to file substantial paperwork with the Court in spite of that alleged difficulty. The Court is unwilling to grant an indefinite extension of time where the case has been pending since October of 2010, dispositive motions have been filed, and a Report and Recommendation issued.[1]

Accordingly, based upon the above reasons, the Court finds that the case should not be reopened.

All of the plaintiff's motions are **DENIED**, except that the Motion to Waive Rights to a Court

---

[1] Plaintiff in her recent motion indicated, "I will refresh the court's memory on my initial reason for this lawsuit. I had been d rugged by an unknown controlled substance between the two jobs (Sam's Club and AVX Corporation) which ruined my mental state of mind . . ." (Docket Entry # 40, p.2). She also attaches numerous past due bills, medical records, school records, etc.

3

Trial[2] is found to be moot.

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
June 28, 2011

---

[2] It is difficult to glean the meaning of this motion, but it could be construed as a request for a trial by the court without a jury.