IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Yvonne Nelson, D. Nelson, D. Nelson, | ) | Civil Action No.: 4:10-cv-03020-RBH |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sam's Club, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, proceeding *pro se*, originally filed this action on behalf of herself and her two minor children. The matter was referred to United States Magistrate Judge Thomas E. Rogers, III, pursuant 28 U.S.C. § 636(b)(1)(A) and (B), and Local Rule 73.02(B)(2)(e), D.S.C. Upon review, the Magistrate Judge concluded that Plaintiff's Complaint "fail[ed] to set forth sufficient factual allegations" and "fail[ed] to sufficiently allege her causes of action." (Report and Recommendation ("R & R") [Docket Entry 24] at 6.) Thus, the Magistrate Judge recommended that the Motion to Dismiss that had been filed by Defendant should "be granted and th[e] case [] dismissed in its entirety." (*Id.* at 7.) After Plaintiff failed to file any objections to the R & R, the undersigned ultimately adopted the Magistrate Judge's recommendation and dismissed the case. (*See* May 18 Order [Docket Entry 32] at 2.)

Thereafter, Plaintiff filed several motions, including a Motion to Vacate, [Docket Entry 38], the undersigned's May 18 Order that dismissed her case. The undersigned analyzed Plaintiff's Motion to Vacate under both Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure, and found that Plaintiff had failed to make the requisite showing under either rule. Accordingly, the undersigned denied all of Plaintiff's pending motions. (*See* June 28 Order [Docket Entry 44] at 3-4.)

The Fourth Circuit Court of Appeals recently affirmed both the undersigned's May 18 Order and the June 28 Order. *See Nelson et al. v. Sam's Club*, No. 11-1693, 2011 WL 5588928, at *1 (4th Cir. Nov. 17, 2011).

This matter is now before the court with a motion that Plaintiff filed on August 15, 2011. (*See* Motion for Injunction [Docket Entry 56].) Plaintiff seeks the following in her Motion: (1) to substitute a different judge for Magistrate Judge Rogers, (2) an order granting Plaintiff "state benefits" during the pendency of this action,[1] and (3) an order to seal the instant action.[2] (*See* Motion for Injunction at 1.) For the reasons set out below, Plaintiff's Motion is denied.

As an initial matter, the court again notes that this case has been dismissed in its entirety. Thus, Plaintiff's first two requests–to substitute a judge for Judge Rogers to preside over this action and for an injunction granting benefits during the *pendency* of this action–should both be denied as moot.[3]

Additionally, Plaintiff's request to seal this entire case should be denied as she has failed to satisfy the requirements for sealing documents enumerated in Local Rule 5.03, D.S.C. Further, Plaintiff has failed to establish that sealing is appropriate under *Ashcraft v. Conoco, Inc.*, 218 F.3d 288 (4th Cir. 2000), and *In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984), as sealing this

---

[1] Specifically, Plaintiff's Motion requests "an immediate order of preliminary injunction for total state benefits *until the end of trial*." (Motion for Injunction at 1 (emphasis added).)

[2] The court notes that this same motion was also filed in Plaintiff's other actions that were previously pending before the court–Civil Action No.: 4:11-cv-01598 and Civil Action No.: 4:10-cv-03119. In both of those other actions, the court denied Plaintiff's motion and ultimately dismissed the case in its entirety. Moreover, the Fourth Circuit Court of Appeals has recently affirmed the district court's dismissal of both of those other actions.

[3] In addition, not only is it unclear to the court what "state benefits" Plaintiff sought in this action, if any, but Plaintiff also failed to establish that she should be entitled to her requested injunctive relief under the factors set out in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008).

2

entire case would infringe too extensively on the public right to access court records.

## Conclusion

For the reasons stated above, it is therefore **ORDERED** that Plaintiff's [Docket Entry 56] Motion for Injunction is **DENIED**.

**IT IS SO ORDERED.**

                                              s/R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

Florence, South Carolina
February 15, 2012